IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELIZABETH THORNTON,

        Plaintiff,

v.                                                                                                                                                                         Civil Action No. 2:12-cv-9137

C. R. BARD, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court are all remaining pretrial motions. All are ripe for adjudication.

**I.    Background**

    This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 7,000 of which are in the Bard MDL, MDL 2187. In an effort to efficiently and effectively manage this MDL, I decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all *Daubert* motions and summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this

end, I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order ("PTO") # 102, No. 2:10-md-2187 [ECF No. 729]. This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. Thereafter, I entered orders on subsequent waves. Ms. Thornton's case was selected as a Wave 1 case by the plaintiffs. PTO # 118, No. 2:10-md-2187 [ECF No. 841].

## II. Legal Standards

### a. Summary Judgment

Despite being given a chance to do so, the plaintiff failed to respond to Bard's Motions and the court, accordingly, considers the Motions unopposed. A court does not, however, automatically grant an unopposed motion for summary judgment. *See* Fed. R. Civ. P. 56(e). The Fourth Circuit has directed:

> [I]n considering a motion for summary judgment, the district court "*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993) (emphasis added). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion," the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts. *Id.*

*Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010).

### b. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first

filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as the plaintiff did here, I consult the choice-of-law rules of the state in which the implantation surgery took place—in this case, Georgia. *See Sanchez v. Bos. Sci.Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product.").

These principles compel application of Georgia law. Under Georgia law, tort cases are "governed by the rule of *lex loci delicti*, which requires application of the substantive law of the place where the tort or wrong occurred." *Carroll Fullmer Logistics Corp. v. Hines*, 710 S.E.2d 888, 890 (Ga. Ct. App. 2011) (citing *Dowis v. Mud Slingers, Inc.*, 621 S.E.2d 413, 419 (Ga. 2005)). Here, the alleged wrong occurred in Georgia, where Ms. Thornton was implanted with the allegedly defective device. Thus, I apply Georgia's substantive law to the claims in this case.

III. Discussion

   a. Bard's Motion for Summary Judgment [ECF No. 25]

The plaintiff did not respond to Bard's Motion for Summary Judgment. Bard's

3

Motion for Summary Judgment [ECF No. 25] is **GRANTED in part** as to the following claims: manufacturing defect, breach of warranty (express and implied), and negligent inspection, marketing, packaging, and selling. Based on the uncontroverted facts in the motion, Bard has shown that it is entitled to judgment as a matter of law on these claims.

After considering Bard's proffered arguments and evidence, I **FIND** that Bard has not shown that it is entitled to judgment as a matter of law on the remaining claims. Accordingly, to the extent Bard's Motion challenges any other claims, the Motion is **DENIED**.

### b. Bard's Motion for Partial Summary Judgment [ECF No. 26]

The plaintiff also did not respond to Bard's Motion for Partial Summary Judgment [ECF No. 26]. For reasons appearing to the court, the Motion for Partial Summary Judgment [ECF No. 26] is **DENIED**.

## IV. Conclusion

The court **ORDERS** that:

- Bard's Motion for Summary Judgment [ECF No. 25] is **GRANTED in part** and **DENIED in part**;
- Bard's Motion for Partial Summary Judgment [ECF No. 26] is **DENIED**;

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 26, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE